**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

**CLARENCE WHITT, II, #L0451**                                                          **PETITIONER**

**VERSUS**                                                      **CIVIL ACTION NO. 2:05cv15-KS-JMR**

**STATE OF MISSISSIPPI and JIM HOOD**                                         **RESPONDENTS**

<u>**ORDER**</u>

This cause is before the Court on the petitioner's Motion [13-1] for Recusal of Judge. The motion requests the removal of the undersigned based on 28 U.S.C. § 144. Having carefully considered the motion and the applicable law, the Court finds as follows:

28 U.S.C. § 455 (a) requires a judge to stand recused "in any proceeding in which his impartiality might reasonably be questioned." As the goal of § 455(a) "is to exact the appearance of impartiality," recusal may be mandated even though no actual partiality exists. <u>Hall v. Small Business Admin.</u>, 695 F.2d 175, 178 (5th Cir. 1983). The standard for recusal is an objective one. If a "reasonable man, were he to know all the circumstances, would harbor doubts about the judge's impartiality," then recusal is warranted. <u>Health Services Acquisition Corp. v. Liljeberg</u>, 796 F.2d 796, 800 (5th Cir. 1986).

The petitioner contends that the undersigned should be recused inasmuch as the petitioner disagrees with the Court granting extensions of time to the respondents in this cause and because the Court has not yet ruled on his "motion for leave to file optional appeal." These are not sufficient grounds to warrant recusal. A requirement that the undersigned Judge recuse in every case where the litigant is displeased with court rulings would place too great a burden on our court system. Therefore, the Court finds that the petitioner's Motion [13-1] is not well-taken,

and is hereby DENIED.

      SO ORDERED, this the 7th day of December, 2005.

                                                            *s/ John M. Roper, Sr.*
                                      CHIEF UNITED STATES MAGISTRATE JUDGE